IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JAMES C. MEADOWS,
          Plaintiff,

vs.                                Case No. 3:12cv100/MCR/CJK

UNITED STATES OF AMERICA,
          Defendant.

---

## REPORT AND RECOMMENDATION

This cause is before the Court upon plaintiff's *pro se* second amended complaint seeking, under 18 U.S.C. § 983, to set aside an administrative civil forfeiture of $5,936.25 by the United States Drug Enforcement Administration ("DEA"). (Doc. 18). The United States has filed a motion for summary judgment. (Doc. 28). Plaintiff has responded in opposition to the motion. (Doc. 37). Upon review of the motion, plaintiff's response, the summary judgment evidence and relevant legal authorities, the undersigned recommends that the United States' motion be granted.

### BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is an inmate of the Alabama Department of Corrections currently confined at Fountain Correctional Center in Atmore, Alabama. Plaintiff has filed a complaint against the United States under 18 U.S.C. § 983(e), seeking to vacate the administrative civil forfeiture of his property ($5,936.25) on the grounds that the

DEA failed to take reasonable steps to notify him of the forfeiture proceeding, in violation of his due process rights. (Doc. 18, p. 12). As relief, plaintiff seeks to set aside the administrative forfeiture without prejudice to the United States' right to commence a new forfeiture proceeding. (*Id*.).

On February 22, 2013, the United States filed a motion for summary judgment and supporting materials. (Doc. 28). The United States seeks summary judgment on the merits of plaintiff's claim and on the grounds that plaintiff's claim is barred by the statute of limitations. (*Id*.). On March 4, 2013, the Court issued an order providing plaintiff an opportunity to respond and advising plaintiff of the requirements for opposing a motion for summary judgment. (Doc. 29). Plaintiff's response and supporting materials followed. (Doc. 37).

LEGAL STANDARDS

Summary Judgment Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of proving that there is no genuine issue of material fact for trial. If this burden is met, the non-moving party may not "rest on his pleadings," but must "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial" in order to avoid summary judgment. *Graham v. State Farm Mut. Ins. Co.*, 193 F.3d 1274, 1281-82 (11th Cir.1999) (internal quotations omitted). The court must view the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Owens v. I.C. Sys., Inc.*, 629 F.3d 1263, 1270 (11th Cir. 2011). The "mere existence of some alleged factual dispute between the parties will not

defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). A dispute is "genuine" if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*, 477 U.S. at 248, 106 S. Ct. at 2510. A fact is "material" if it "might affect the outcome of the suit under the governing law." *Id.* The nonmoving party must show more than the existence of a "metaphysical doubt" regarding the material facts, *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986), and a "scintilla" of evidence or conclusory allegations is insufficient. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S. Ct. 2548, 2553-54, 91 L. Ed. 2d 265 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Scott v. Harris*, 550 U.S. 372, 380, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007) (internal quotation marks omitted). If a party fails to properly address another party's assertion of fact, the court may consider the fact undisputed for purposes of the motion. Fed. R. Civ. P. 56(e)(2). The court may grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it. Fed. R. Civ. P. 56(e)(3).

Standard Applicable To Claims Under 18 U.S.C. § 983

Title 18 U.S.C. § 983(e)(5) provides that: "A motion filed under this subsection shall be the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute." 18 U.S.C. § 983(e)(5). Section 983(e)(1) provides that a motion to set aside forfeiture shall be granted if:

(A) the Government knew, or reasonably should have known, of the

moving party's interest and failed to take reasonable steps to provide such party with notice; and

(B) the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim.

18 U.S.C. § 983(e)(1)(A)-(B). The Eleventh Circuit has recognized that a federal court generally lacks jurisdiction to review the merits of an administrative or nonjudicial civil forfeiture determination. *See Mesa Valderrama v. United States*, 417 F.3d 1189, 1196 (11th Cir. 2005). Instead, review under § 983(e) is limited to determining whether the agency followed appropriate procedural safeguards. *Id.* A five-year period of limitation applies to motions filed under 18 U.S.C. § 983(e). *See* 18 U.S.C. § 983(e)(3) ("A motion under paragraph (1) may be filed not later than 5 years after the date of final publication of notice of seizure of the property.").

ANALYSIS

Facts

The facts recited herein are drawn from plaintiff's second amended complaint (doc. 18), plaintiff's response to the summary judgment motion (doc. 37) and evidence in the summary judgment record, that is either undisputed or, if disputed, viewed in the light most favorable to plaintiff, the non-moving party. *Snow ex rel. Snow v. City of Citronelle*, 420 F.3d1262, 1265 (11th Cir. 2005). Although plaintiff did not submit a separate affidavit in response to the motion for summary judgment, his second amended complaint and response were signed and declared as true under penalty of perjury. Therefore, the factual allegations in the second amended complaint and response may be used as an opposing affidavit. *See Perry v. Thompson*, 786 F.2d 1093, 1095 (11th Cir. 1986); *see also* 28 U.S.C. § 1746 (setting forth requirements for unsworn declarations under penalty of perjury). To function

as an opposing affidavit, a complaint must be based on personal knowledge and set forth specific facts admissible in evidence. Fed. R. Civ. P. 56(c); *Perry, supra*. Accordingly, the Court will consider those portions of plaintiff's second amended complaint and response that meet the personal knowledge and specificity requirements as part of plaintiff's opposition to the motion for summary judgment. *See also, e.g., Moulds v. Bullard*, 345 F. App'x 387, 391 (11th Cir. 2009) ("[S]pecific facts pled in a sworn complaint must be considered in opposition to summary judgment." (*citing Perry, supra*); *Shaw v. Cowart*, 300 F. App'x 640, 645 (11th Cir. 2008) ("Facts alleged by the plaintiff in a sworn pleading" must be considered in opposition to summary judgment).

On April 18, 2007, plaintiff and two other individuals were stopped by United States Air Force Security officials (members of the Air Force Office of Special Investigations, hereinafter "OSI") on Eglin Air Force Base in Okaloosa County, Florida, after the driver of the vehicle entered the base through a closed gate. (Doc. 18, Statement of Facts ¶ 1; Doc. 37, p. 2 and Ex. 1). Plaintiff was a passenger in the vehicle. (*Id.*). OSI officials conducted a search of the vehicle after obtaining the driver's consent, and located marijuana and drug paraphernalia. (*Id.*). OSI officials searched plaintiff and located $5,936.25 in United States Currency in his pants pocket. (*Id.*). The $5,936.25 was seized from plaintiff by the OSI officials. (Doc. 28, Attach. 1, Hieronymus Aff. ¶ 4(a); Doc. 37, Ex. 5). Plaintiff was taken to the Security Forces Control Center to be interviewed. (Doc. 37, p. 2 and Ex. 1). It was determined that plaintiff was subject to commitment under Florida's Baker Act, Fla. Stat. §§ 394.451-.4789, and plaintiff was committed to a Florida psychiatric facility. (Doc. 37, pp. 2, 7 and Ex. 1). Plaintiff was released from the psychiatric facility on April 23, 2007. (Doc. 37, p. 2).

Plaintiff returned to Eglin Air Force Base on April 23, 2007, to reclaim his money and other personal items (wallet, cell phone, etc). (Doc. 37, p. 2). Plaintiff was interviewed by OSI Investigator Derrick Kohlenberger. (Doc. 28, Attach. 2, Doc. 37, Ex. 2). In connection with that interview, Investigator Kohlenberger completed a "Statement of Suspect/Witness/Complainant" form indicating plaintiff's address as 317 North Ripley, Montgomery, Alabama. (*Id.*). Plaintiff states that the Montgomery, Alabama address was the address appearing on an "old Id." located inside his wallet. (Doc. 37, p. 6). Plaintiff initialed the form in several places and signed the form, without modifying the address. (*Id.*). Plaintiff advised Kohlenberger that he had been declared mentally disabled long ago, that his mother had been appointed his legal guardian, and that his home address was his mother's address: 406 County Road 99, Verbena, Alabama 36091. (Doc. 37, p. 3 and Ex. 4). Plaintiff's personal items were returned to him, but the money and drugs were seized as possible evidence in connection with future criminal charges. (Doc. 37, p. 3 and Exs. 3, 5). Prior to departing the OSI's office, plaintiff left a "written request" that the OSI supervisor contact him about the return of his money. (Doc. 18, Statement of Facts ¶ 8).

Plaintiff remained in Florida to await a response from the OSI supervisor. (*Id.* ¶ 9). After not receiving a response and after "days of calling" the OSI office, plaintiff became aware that his money was going to be turned over to "either the local drug task force or the Drug Enforcement Administration". (*Id.* ¶ 11). Prior to departing Florida, plaintiff called "several agencies", including the OSI office at Eglin Air Force Base, the "local drug task force," the DEA and the FBI, inquiring about his money. (*Id.* ¶¶ 10-11). Plaintiff does not identify the particular DEA office or phone number he called. Plaintiff left a message with each agency, providing his

cell phone number, his home telephone number, and the following address: 4038 Balm Rd., Wetumpka, Alabama 36092. (*Id*. ¶ 12). Plaintiff left Florida on an unspecified date, and returned to his home in Wetumpka, Alabama. (*Id*.). Between April 23, 2007, and August 1, 2007, plaintiff called the OSI office, the "local drug task force" and "the DEA" at least once a week in an attempt to secure return of his money. (*Id*. ¶ 13). Plaintiff does not identify which DEA office he called, or who he spoke to, if anyone.

On or about May 14, 2007, plaintiff's money was transferred to the DEA for seizure. (Doc. 37, Ex. 5). Sometime between May 14, 2007, and May 31, 2007, the DEA office in Panama City, Florida, prepared and submitted a forfeiture report to the DEA Forfeiture Counsel. (Doc. 28, Attach. 1, Hieronymus Aff. ¶ 4(a)). The DEA Forfeiture Counsel accepted the case for administrative forfeiture. (*Id*.). On May 31, 2007, pursuant to 19 U.S.C. § 1607(a), and 18 U.S.C. § 983(a), the DEA sent written notice of the seizure, by certified mail return receipt requested, to plaintiff at 317 North Ripley, Montgomery, Alabama 36104. (Doc. 28, Attach. 1, Hieronymus Aff. ¶ 4(b) and Ex. 1). On June 11, 2007, the notice was returned as undeliverable, marked, "Undeliverable As Addressed, Unable To Forward". (Doc. 28, Attach. 1, Hieronymus Aff. ¶ 4(b) and Ex. 2). The DEA also sent written notice of the seizure, by certified mail, to the two additional occupants of the vehicle who were present at the time of the seizure (Stephen Ballard and Ashley Garner). (*Id*., Attach. 1, Hieronymus Aff. ¶ 4(c) and (d), and Exs. 3-6). Both of these notices were returned as undeliverable. (*Id*.). Pursuant to 19 U.S.C. § 1607(a), the seizure of the property was published in The Wall Street Journal, a newspaper of general circulation in the Northern District of Florida. Notices were published once a week for three successive Mondays, on June 11, 18, and 25, 2007. (Doc. 28, Attach. 1, Hieronymus

Aff. ¶ 4(e) and Ex. 7). The published and mailed notices explained the option of filing a claim with the DEA Forfeiture Counsel in order to contest the forfeiture action in the United States District Court. (*Id*.). The notices also stated that the deadline to file a claim was July 5, 2007, or if the mailed notice was not received, July 26, 2007. In addition, the published and mailed notices explained the option of filing a petition for remission or mitigation. (*Id*.).

On June 15, 2007, DEA investigators ran an address search for all three vehicle occupants in a law enforcement database, yielding new results for plaintiff's address. (Doc. 28, Attach. 3). On June 22, 2007, the DEA sent written notice of the seizure, by certified mail return receipt requested, to plaintiff at 9 Joshua Court, Deatsville, Alabama 36022, which was the address associated with plaintiff in the law enforcement database. (Doc. 28, Attach. 1, Hieronymus Aff. ¶ 4(f) and Ex. 8). This notice granted plaintiff until July 27, 2007 in which to file a claim. (*Id*.). On June 27, 2007, an individual, Elaine Y. Bishop, signed the return receipt, accepting delivery of the certified mail at the stated address. (Doc. 28, Attach. 1, Hieronymus Aff. ¶ 4(f) and Ex. 9).

In the meantime, on June 22, 2007, the DEA took additional steps to notify one of the vehicle occupants (Ashley Garner) using newly acquired addresses and sent written notice, via certified mail return receipt requested, to that occupant. (Doc. 28, Attach. 1, Hieronymus Aff. ¶ 4(h) and Exs. 10-13). An individual identifying herself as Ashley Garner signed one of the return receipts, accepting delivery of one of the notices. (*Id*., Ex. 13).

On August 13, 2007, no properly executed claim having been received, and after the time limit for filing such a claim had expired, the $5,936.25 in United States Currency was forfeited to the United States pursuant to 19 U.S.C. § 1607. (Doc. 28,

Attach. 1, Hieronymus Aff. ¶ 4(I) and Ex. 14).

On December 3, 2007, plaintiff was charged in a two-count information filed in this Court, with possession of marijuana and drug paraphernalia. (Doc. 18, Statement of Facts ¶ 16; *see also United States v. Meadows*, Case No. 3:07mj314, Doc. 1). On December 3, 2007, the United States Attorney requested that a summons be issued directing plaintiff to appear in court. (*United States v. Meadows*, Case No. 3:07mj314, Doc. 2). The United States Attorney identified plaintiff's address for the summons as 406 County Road 99, Verbena, Alabama 36091. (*Id.*). The requested summons was issued on December 5, 2007. (Doc. 18, Statement of Facts ¶ 17; *see also United States v. Meadows*, Case No. 3:07mj314, Doc. 3). The summons was returned unexecuted on January 18, 2008. (*United States v. Meadows*, Case No. 3:07mj314, Doc. 4). A warrant for plaintiff's arrest was issued on January 22, 2008. (Doc. 18, Statement of Facts ¶ 18; *see also United States v. Meadows*, Case No. 3:07mj314, Doc. 5). Plaintiff was not found until June 17, 2010, at which time he was arrested. (Doc. 18, Statement of Facts ¶ 18; *see also United States v. Meadows*, Case No. 3:07mj314, Doc. 6). While plaintiff's charges were pending in this Court. plaintiff was convicted and sentenced to life imprisonment by an Alabama state court. (Doc. 18, Statement of Facts ¶ 20). On October 18, 2011, the United States moved to dismiss the charges pending against plaintiff in this Court. (Doc. 18, Statement of Facts ¶ 22; *see also United States v. Meadows*, Case No. 3:07mj314, Doc. 12). Plaintiff's pending federal charges were dismissed on October 19, 2011. (Doc. 18, Statement of Facts ¶ 22; *see also United States v. Meadows*, Case No. 3:07mj314, Doc. 13).

On November 9, 2011, plaintiff filed, in his federal criminal case in this Court, a motion seeking the return of his property, including "all personal property and funds

that was confiscated from petitioner." (*United States v. Meadows*, Case No. 3:07mj314, Doc. 17). The United States Attorney responded to the motion on November 28, 2011, advising that the $5,936.25 in currency "was turned over to an official with the Drug Enforcement Administration (DEA) on or about May 14, 2007," and administratively forfeited. (*United States v. Meadows*, Case No. 3:07mj314, Doc. 19). The United States argued that it appeared Meadows' motion was filed pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure, which was not the appropriate vehicle for challenging the administrative forfeiture, and even if Meadows' motion was construed as seeking relief under 18 U.S.C. § 983(e), he was not entitled to relief because he failed to allege any basis for relief under that section. (*Id.*). The assigned magistrate judge determined that plaintiff was not entitled to relief under Rule 41(g) of the Federal Rules of Criminal Procedure; that plaintiff failed to seek relief, or allege any basis for relief, under 18 U.S.C.. § 983(e); and that "the statute of limitations may not have expired for Mr. Meadows to seek an appropriate remedy at law if he was entitled to written notice and failed to receive it. *See* 18 U.S.C. § 983(e)(1), (3)." (*United States v. Meadows*, Case No. 3:07mj314, Doc. 20). Plaintiff asserts, and the United States does not dispute, that plaintiff did not have actual notice of the forfeiture until November 28, 2011, the date the United States responded to plaintiff's Rule 41(g) motion for return of property. (Doc. 18, Statement of Facts ¶ 26).

Plaintiff initiated this civil action on February 29, 2012,[1] by filing a complaint on the form for use in actions under 42 U.S.C. § 1983. (Doc. 1). Plaintiff sought the

---

[1]*See Houston v. Lack*, 487 U.S. 266, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988); *Williams v. McNeil*, 557 F.3d 1287, 1290 n. 2 (11th Cir. 2009) ("Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing.").

return of his $5,936.25, claiming that it was forfeited without proper notice to him as required by 18 U.S.C. § 983, in violation of his rights under the Fourth, Fifth, Sixth and Fourteenth Amendments. (*Id.*). On March 26, 2012, the undersigned ordered plaintiff to re-submit his complaint on the form for use in actions under 28 U.S.C. § 1331. (Doc. 4). On June 21, 2012, plaintiff filed a motion to dismiss this case, asserting that he had filed a motion under 18 U.S.C. § 983(e) in his criminal case. (Doc. 9). When no amended complaint was filed by July 12, 2012, the undersigned issued an order requiring plaintiff to show cause why this case should not be dismissed. (Doc. 10). On July 24, 2012, plaintiff filed an amended complaint (doc. 12), a motion to set aside the administrative forfeiture under 18 U.S.C. § 983(e) (doc. 13), and a motion to withdraw his motion to dismiss (doc. 14). Plaintiff's motion to withdraw was granted. (Doc. 15). Plaintiff's second amended complaint, filed on August 14, 2012, followed. (Doc. 18).

During the pendency of this civil action, plaintiff filed, on or about June 12, 2012, a separate § 983(e) motion in this Court, accompanied by a letter to the Clerk of Court asking the Clerk to "enter the correct case number on this motion" due to plaintiff's uncertainly whether the motion "would have its own case number that would be supplied by you or if there was a case number that apply's [sic] to the actual declaration of forfeiture that should be applied to it or if it should have the case number from my criminal cases applied to it." (*United States v. Meadows*, Case No. 3:07mj314, Doc. 23, p. 11). The Clerk filed the motion in plaintiff's criminal case. (*Id.*). On June 25, 2012, the undersigned terminated the motion, noting that plaintiff had already filed a civil action seeking the return of his property (this action, Case No. 3:12cv100) and advising plaintiff that all relevant claims and theories must be raised in Case No. 3:12cv100. (*United States v. Meadows*, Case No. 3:07mj314, Doc.

24).

Application of Summary Judgment Standard to Rule 56 Evidence

      A.    Statute of Limitations

      The United States asserts that plaintiff's motion is barred by the statute of limitations. (Doc. 28, p. 9). The United States asserts that the limitations period commenced on July 26, 2007, and expired on July 26, 2012; and that plaintiff did not file his complaint to set aside the administrative forfeiture until August 20, 2012, which is the date plaintiff's second amended complaint in this case was docketed. Plaintiff asserts that he timely filed his § 983(e) motion, by filing a motion in his underlying criminal case and by initiating this civil case prior to July 26, 2012. (Doc. 37).

      As stated earlier, 18 U.S.C. § 983 provides that a motion to set aside a completed administrative civil forfeiture "may be filed not later than 5 years after the date of final publication of notice of seizure of the property." 18 U.S.C. § 983(e)(3). The date of final publication of the notice of seizure was June 25, 2007. Thus, plaintiff had until June 25, 2012 to file his § 983(e) motion. Plaintiff commenced this civil action seeking to set aside the forfeiture under 18 U.S.C. § 983(e), on February 29, 2012. Plaintiff also submitted a separate motion under 18 U.S.C. § 983(e) on June 12, 2012, asking the Clerk to file it under the appropriate case number. After the June 12, 2012 motion was filed and subsequently terminated from plaintiff's criminal case, plantiff pursued his § 983(e) motion in the instant civil action by filing an amended complaint and separate § 983(e) motion on July 24, 2012 (docs. 12, 13), and then a second amended complaint on August 14, 2012 (doc. 18). The second amended complaint relates back to the date of plaintiff's original pleading, which is February 29, 2012. *See* Fed. R. Civ. P. 15(c). The United States does not argue, or

provide any authority establishing, that 18 U.S.C. § 983 does not allow relation back of amendments. Plaintiff did not change his theory nor prejudice the United States otherwise by advancing the second amended complaint. Accordingly, the undersigned concludes plaintiff's complaint/motion seeking to set aside the forfeiture under 18 U.S.C. § 983(e), was filed within the five-year limitations period.

      B.    Merits

     In *Dusenbery v. United States*, 534 U.S. 161, 122 S. Ct. 694, 151 L. Ed. 2d 597 (2002), the Supreme Court held that the *Mullane* test of "reasonableness under the circumstances" supplies the appropriate analytical framework in determining whether the means used by an administrative agency to provide notice to an individual of his right to contest the administrative forfeiture of cash seized during the execution of a search warrant for the residence where he was arrested was sufficient to satisfy due process. 534 U.S. at 167-68, 122 S. Ct. at 699-700 (*citing Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed. 865 (1950)). Under *Mullane*, the notice must be "reasonably calculated under all the circumstances" to apprise the individual of the pendency of the forfeiture. *Dusenbery*, 534 U.S. at 168, 122 S. Ct. at 700 (*citing Mullane*, 399 U.S. at 309-10, 70 S. Ct. 652).

     The summary judgment record evidences the steps the DEA took to provide plaintiff notice of the forfeiture. It is undisputed that the DEA first mailed notice by certified mail to plaintiff at the address identified on the "Statement of Suspect/Witness/Complainant" form plaintiff reviewed and signed at the time his money was seized by OSI officials. The address information utilized by the agents came from an identification document in plaintiff's possession. When delivery of notice to that address failed, the DEA searched a law enforcement database, found a

different address for plaintiff, and re-mailed the notice by certified mail to plaintiff at the new address. The return receipt mailed to the second address confirmed that the notice was delivered as addressed, and was signed by an individual at the listed address. In addition to mailing two notices, the DEA published notice of the forfeiture for three consecutive weeks in the Wall Street Journal.

Plaintiff argues that the United States' notice was insufficient because (1) he never received any of the DEA's written or published notices, (2) during the "dozens" of telephone calls plaintiff made to "the DEA", he was never informed of the intended forfeiture and was told that the agency had no knowledge of him or his seized money, (3) the United States failed to send notice to him at the Verbena, Alabama address which he provided to Air Force OSI officials during the April 23, 2007 interview, (4) the United States should have called him at the phone numbers he provided to OSI officials during the April 23, 2007 interview, and (5) the United States should have called him at the phone numbers he provided when he called "the DEA". (Doc. 18, pp. 10-11; Doc. 37, pp. 6-9).

The steps the DEA took to notify plaintiff of the forfeiture proceeding were reasonable and constitutionally adequate. The fact that plaintiff did not receive actual notice prior to forfeiture does not mean that the DEA's notice was constitutionally inadequate. *Jones v. Flowers*, 547 U.S. 220, 226, 126 S. Ct. 1708, 1713, 164 L. Ed. 2d 415 (2006) ("Due Process does not require that a property owner receive actual notice before the Government may take his property."); *Dusenbery*, 534 U.S. at 169-170, 122 S. Ct. 700-701)). ("[N]one of our cases cited by either party has required actual notice in [civil forfeiture proceedings] such as this. Instead, we have allowed the Government to defend the 'reasonableness and hence the constitutional validity of any chosen method . . . on the ground that it is in itself reasonably certain to inform

those affected.'" (*citing Mullane*, 339 U.S. at 315, 70 S. Ct. 652)); *Valderrama*, 417 F.3d at 1197 (reasonable notice requires only that the Government attempt to provide actual notice; it does not require that the Government demonstrate that the notice was received). Generally, notice is sufficient if mailed to an address reasonably believed to be that of the intended recipient. *See Dusenbery*, 534 U.S. at 172, 122 S. Ct. 694 ("[T]he use of the  mail addressed to petitioner at the penitentiary was clearly acceptable for much the same reason that [the Court] ha[s] approved mailed notice in the past."); *Tulsa Prof'l Collections Servs., Inc. v. Pope*, 484 U.S. 478, 490, 108 S. Ct. 1340, 99 L. Ed. 2d 565 (1988) ("We have repeatedly recognized that mail service is an inexpensive and efficient mechanism that is reasonably calculated to provide actual notice."); *Lobzun v. United States*, 422 F.3d 503, 309 (7th Cir. 2005) (notice sent to address claimant provided to DEA at the time of seizure was adequate). However, if notice sent by certified mail is returned unclaimed, the government must take "additional reasonable steps" if practicable to provide a property owner with notice. *Flowers*, 547 U.S. at 235, 126 S. Ct. 1708 (addressing due process requirements of notice to the owner of real property before a tax sale). Such additional steps may include, for example, re-sending a notice by regular mail or posting notice on a front door. *Flowers*, 547 U.S. at 234-35, 126 S. Ct. 1708; *see also Flowers*, 547 U.S. at 230, 126 S. Ct. 1708 ("[W]hen a letter is returned by the post office, the sender will ordinarily attempt to re-send it, if it is practicable to do so.") (*citing Small v. United States*, 136 F.3d 1334, 1337 (D.C. Cir.1998)).

Plaintiff's allegation that "the DEA" had the opportunity to notify him of the intended forfeiture during his telephone calls to the "the DEA" does not raise a genuine dispute of material fact concerning the reasonableness of the DEA's steps to provide notice, as plaintiff provides no evidence that the DEA office he called was

in possession of his money, or that the person he spoke to had access to information concerning his money or the intended forfeiture.

Plaintiff's argument that the DEA should have contacted OSI officials to obtain an alternative address (i.e., the Verbena, Alabama address) also is insufficient to defeat summary judgment. Plaintiff asserts the DEA should have contacted OSI officials for an alternative address once the first written notice was returned as undeliverable, and that had the DEA contacted OSI, it would have learned of the Verbena, Alabama address and plaintiff would have received notice. It is undisputed that the United States Attorney's Office was aware of the Verbena, Alabama address in December of 2007 when it attempted to serve plaintiff with the summons and criminal complaint. But even if there is no genuine dispute that the DEA could with reasonable effort have discovered the Verbena, Alabama address by contacting Air Force OSI officials, that fact would not enable a reasonable jury to conclude that the United States failed to take reasonable steps to provide plaintiff notice, because it does not erase or diminish the reasonable additional step the DEA took of searching a law enforcement database and mailing to plaintiff a second written notice by certified mail return receipt requested to the address reasonably believed to be that of plaintiff. That effort resulted in a signed return receipt confirming delivery of the notice as addressed. The DEA heard nothing back indicating that anything had gone awry. Although the individual who signed the receipt for the second notice may not have ensured plaintiff actually received it, when taking the fact that the second notice was confirmed as having been successfully delivered, combined with the DEA's mailing of the notice to plaintiff at the address identified on the form plaintiff signed, and the DEA's published notices for three consecutive weeks, the DEA took the necessary reasonable steps to provide plaintiff notice and met its obligation under 19

U.S.C. § 1607 and due process.  It was not unreasonable for the DEA to fail to obtain and make an additional delivery effort to a third alternative address when the second certified notice was delivered and not returned, and the DEA had no reason to know that the second notice had not reached plaintiff.   Plaintiff argues that *Jones v. Flowers, supra*, required the United States to take additional steps to notify him. (Doc. 18, p. 9).   In *Jones*, the Supreme Court held that, when the Government is "aware . . . that its attempt at notice has failed" – such as when a document mailed via certified mail is returned marked "unclaimed" – due process requires the Government to "take[ ] additional reasonable steps to notify [an interested party] if practicable to do so."  *Id.* at 227, 234, 126 S. Ct. 1708.  Here, unlike in *Jones*, however, the United States was not aware that its second attempt at notice by certified mail had failed; therefore, the United States was not required to take additional reasonable steps to notify plaintiff.  *See, e.g., Lobzun*, 422 F.3d at 505, 508 (holding that the Government was not required to take additional steps to notify plaintiff of forfeiture proceeding, where Government mailed notice, by certified mail return receipt requested, to address plaintiff provided at time of seizure, and delivery of the notice was confirmed through the return receipt indicating it was received at the correct address, even though the signature in the space designated for "signature of the addressee" was illegible).  In essence, the government had some knowledge of alternative addresses. Just as the record suggests that the attempts at notice were reasonable, it does not support any suggestion of bad faith on the part of the government.  Subjected to the notice standards of procedural due process, the attempts at notice here must be found sufficient, despite their lack of success.

## CONCLUSION

Taking the summary judgment evidence in the light most favorable to plaintiff,

the evidence shows that the DEA took reasonable steps to provide plaintiff notice of the forfeiture proceeding, and that plaintiff is not entitled to relief under 18 U.S.C. § 983(e)(1)(A).

Accordingly, it is respectfully RECOMMENDED:

1. That defendant United States' motion for summary judgment (doc. 28) be GRANTED.

2. That the Court enter final judgment in favor of the United States and against the plaintiff.

3. That the Clerk be directed to close the file.

At Pensacola, Florida this 12th day of June, 2013.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).